**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 31, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

DUSTIN J. MERRYFIELD,

    Plaintiff - Appellant,

v.

LAURA HOWARD; TONYA TAYLOR;
MARC QUILLEN; STACEY PAIGE;
HALEIGH BENNETT; MARSHAL
NEWELL; JANE AND JOHN DOES,

    Defendants - Appellees.

No. 23-3060
(D.C. No. 5:21-CV-03255-DDC-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

The Kansas Sexually Violent Predator Act (the Act) permits involuntary civil

commitment of sexually violent predators.  _See_ Kan. Stat. Ann. § 59-29a01.

Appellant Dustin J. Merryfield has been involuntarily committed under the Act since

the year 2000.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In November 2021, Merryfield filed a pro se complaint in the United States District Court for the District of Kansas.  Invoking 42 U.S.C. § 1983, he accused various persons of violating his property and liberty interests in various ways, such as by depriving him of possessions and denying him the opportunity to solicit a pen pal. The parties stipulated to a set of facts, and the defendants then moved for judgment on the pleadings.  The district court granted that motion and entered judgment in the defendants' favor.

Merryfield now appeals.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.     STANDARD OF REVIEW

We review de novo a district court's order granting judgment on the pleadings, and we apply the same standards as we would when reviewing an order dismissing for failure to state a claim.  *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009).

II.    ANALYSIS

A.     **The State's Refusal to Return Merryfield's Hot Pots**

Since his commitment, Merryfield has resided most of the time at the Larned State Hospital.  In 2018 and 2019, however, he resided at a different state hospital. When he was transferred back to Larned in August 2019, he was not allowed to keep his hot pots.  He administratively grieved this action and received a favorable decision, but his hot pots have not been returned to him.

2

The district court ruled that the statute of limitations for this claim was two years, and that the claim accrued in August 2019, when the property was first taken. Thus, Merryfield's lawsuit, filed in November 2021, was too late to assert this claim.

On appeal Merryfield does not challenge this reasoning. He instead argues the district court failed to make any ruling about his hot pots. He is mistaken—the district court ruled that the statute of limitations bars the claim. Given Merryfield's lack of argument about the statute of limitations, we affirm the district court's dismissal of this claim. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming dismissal of a claim when the "opening brief contain[ed] nary a word to challenge the basis of the dismissal").

## B.    Policy 8.6 and Due Process

Merryfield also argues that the district court failed to rule on a claim challenging a hospital policy known as Policy 8.6. Our review of the record shows the fault lies with Merryfield, not the district court.

The Act declares a set of rights for persons committed as sexually violent predators, *see* Kan. Stat. Ann. § 59-29a22(b), and requires the Kansas secretary for aging and disability services to "establish procedures to assure protection of persons' rights guaranteed under this section," *id.* § 59-29a22(d). In his complaint, Merryfield alleged that the secretary delegated this responsibility to administrators at the Larned hospital, who in turn promulgated Policy 8.6. The policy says that it "establishes a

3

procedure to afford residents an opportunity to request and receive due process when a resident's right(s), as provided in [the Act], are denied or restricted." R. at 62.[1]

Merryfield tells us that, through his complaint, he "requested the District Court find Policy 8.6 and its hearing procedure to be a violation of his Constitutional rights." Aplt. Opening Br. at 5. He says he raised a claim "that Policy 8.6 is unconstitutional on its face and as applied," presumably under the Due Process Clause. *Id.* at 8. But, he says, the district court never ruled on that claim.

Merryfield is correct that the district court never ruled on any facial or as-applied challenge to Policy 8.6, but that is because he did not adequately raise the issue. Merryfield is entitled to a liberal construction of his pleadings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and his complaint pointed out perceived flaws in Policy 8.6. But if he meant to seek relief based on a constitutional defect, that intention was obscured by the peculiar organization and language of the complaint. Moreover, the defendants' motion for judgment on the pleadings asked for judgment "on each of [Merryfield's] claims," R. at 66, and requested the district court to dismiss Merryfield's claims "in their entirety," R. at 81. Yet not until this appeal did he point out that "[t]he Motion for Judgment on the Pleading[s] [did] not contain a request to dismiss the claim that Policy 8.6 is unconstitutional on its face and as applied." Aplt. Opening Br. at 8. He did not alert the district court to this omission, failing to inform the district court that the defendants' motion, although

---

[1] All "R." cites are to volume I of the record.

intended to cover all claims, failed to mention one of them. Rather, his response brief invoked Policy 8.6 in support of other arguments, including arguments seemingly inconsistent with a claim that the policy is unconstitutional. *See, e.g.*, R. at 111–12 (asserting that Policy 8.6 creates an enforceable liberty interest and failure to follow it is "shocking and intolerable conduct"). In these circumstances we hold that the district court did not err in failing to address the issue. *Cf. Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 791 (10th Cir. 2013) ("[I]f [plaintiffs] had all along been intending to prove their case under [a more lenient] standard, we cannot understand why they did not at least mention that standard at summary judgment. At a minimum, one would expect a statement such as, 'Notably, Defendants do *not* argue that their conduct satisfies the [alternative] standard.'").

## C.    Request to Solicit a Pen Pal

The district court ruled that the defendants' denial of Merryfield's request to solicit a pen pal failed to create a constitutional claim because the defendants' actions were not excessive in relation to the purposes of Merryfield's confinement, nor did the defendants impose an atypical or significant hardship. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (liberty restrictions on pretrial detainees may not be "excessive in relation to [a legitimate nonpunitive governmental] purpose"); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (restraints on convicted prisoners may not "impose[]

5

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").[2]

Merryfield says the district court granted the defendants qualified immunity on this claim because he had failed to show clearly established law. He argues this was error, but he argues against a ruling the district court never made.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotation marks omitted). The defendants invoked qualified immunity, and the district court held that Merryfield "failed to shoulder his burden under the *first* prong of the qualified immunity test," R. at 165 (emphasis added). This ruling applied to all claims, not just the pen-pal claim. In any event, the district court never said Merryfield failed to show clearly established law as to his pen-pal claim.

Because Merryfield does not address the district court's reasons for dismissing his pen-pal claim, we affirm that dismissal. *See Nixon*, 784 F.3d at 1369.[3]

---

[2] The district court applied these standards while recognizing that Merryfield's status is somewhere in between traditional civil commitment and traditional imprisonment.

[3] Merryfield's claim that the procedural rights granted under the Act clearly establish the due-process right that the defendants allegedly violated fails for the same reason. The district court never ruled that the right was not clearly established. It ruled only that Merryfield had not stated a federal due-process claim.

### D.     Lost Mail

In February 2021, Larned staff seized two pieces of mail addressed to Merryfield and sent them to his therapist.  Merryfield alleged that his therapist told him she never received those pieces of mail, and now Larned cannot locate them.  He therefore claimed that the defendants violated his right to receive mail (apparently referring to a First Amendment right).  The district court ruled that Merryfield failed to state a claim because his allegations showed no more than nonactionable negligence.

Merryfield appears to argue that his rights under the Act, and policies promulgated under the Act, necessarily mean the defendants' conduct was deliberate, not negligent.  Because we do not see how these authorities dictate that the defendants possessed a certain state of mind, we reject this argument.

Merryfield also claims he cannot access unpublished decisions cited by the district court.  But the district court's analysis was sound regardless of these unpublished decisions.  We therefore affirm the district court's disposition of this claim.

### E.     Access to the Courts

Merryfield's complaint alleged that the administrative grievance process at his facility is sometimes never completed, thus violating his First Amendment right to access the courts.  The district court ruled that the grievance procedures in question were not a prerequisite to filing a § 1983 suit, and, in any event, exhaustion would be excused if prison officials were thwarting the administrative remedy process.  Thus,

Merryfield had not alleged any actual injury, so he failed to state an access-to-courts claim.

On appeal, Merryfield does not challenge this reasoning. Rather, he offers two new arguments. First, he says that the district court's dismissal of some of his claims on statute-of-limitations grounds shows he suffered an access-to-courts violation. He apparently means to say he could not file suit earlier because he was waiting for the grievance process to end. Second, he claims the maladministration of the grievance process "prevents him from ever having the State Court review whether he is being abused or not." Aplt. Opening Br. at 21. Because he never presented these arguments to the district court, they are forfeited, *see Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013), and we affirm the district court's dismissal of the access-to-courts claim.

### F.    Dismissal of Defendant Howard

The first-named defendant is Laura Howard, secretary of the Kansas department of aging and disability services, who is the legal custodian of persons committed under the Act, *see* Kan. Stat. Ann. § 59-29a07(a). The district court held that Howard is immune from suit under the Eleventh Amendment to the extent Merryfield sues her for damages in her official capacity, and that Merryfield failed to state a claim against her for damages in her individual capacity because he failed to allege personal participation in any of the underlying events.

Merryfield challenges the Eleventh Amendment ruling (although not the personal-participation ruling), claiming it contradicts an unpublished Kansas

8

state-court decision about whether the department secretary was a proper defendant in a § 1983 lawsuit.  Because we affirm the district court's dismissal on the merits of all Merryfield's causes of action, however, any claim against Howard must also fail even if she was a proper defendant.

## III.    CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge